**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000700**
**08-OCT-2019**
**07:52 AM**

NO. CAAP-18-0000700

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBERT COVINGTON, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-17-067411)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Robert Covington, Jr. (**Covington**),

appeals from the Notice of Entry of Judgment and/or Order and

Plea/Judgment (**Judgment**) entered on August 10, 2018, by the

District Court of the First Circuit, Honolulu Division (**District

Court**).[1] At the conclusion of a bench trial, Covington was found

to be in violation of Hawaii Revised Statutes (**HRS**) § 431:10C-104

(2005) (the **No-Fault Insurance Statute**), which provides:

> **§ 431:10C-104 Conditions of operation and registration of motor vehicles.** (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.
>
> (b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this

---

[1] The Honorable Michael A. Marr presided.

State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

(c) Any person who violates the provisions of this section shall be subject to the provisions of section 431:10C-117(a).

(d) The provisions of this article shall not apply to any vehicle owned by or registered in the name of any agency of the federal government, or to any antique motor vehicle as defined in section 249-1.

On appeal, Covington raises five points of error, contending that the District Court erred in convicting him because: (1) the conviction violates his right of personal freedom; (2) the conviction violates his right to travel; (3) he did not "operate" a "vehicle"; (4) the conviction violates his right to due process; and (5) the conviction converts his right to travel into a criminal act.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Covington's contentions as follows:

We first address Covington's argument supporting his third point of error, which is that he was a "traveler", not an "operator" because he was not using the road as a place of business, nor was he using the road for personal economic gain. As the State points out, however, the No-Fault Insurance Statute requires that all vehicles, commercial, private, or otherwise, must be insured. Covington cites no authority to the contrary and we find none.

In his other points of error, Covington submits that his constitutional right to personal liberty, to travel, and to

2

due process were violated because a citizen has a right to travel upon the public highways by automobile, a citizen cannot be rightfully deprived of his or her liberty to do so, Covington was not given proper notice as to the loss of his right to travel, and his conviction converts the exercise of a fundamental constitutional right into a crime. Essentially the same arguments were raised and rejected by this court in <u>State v. French</u>, 77 Hawai'i 222, 230-32, 883 P.2d 644, 652-54 (App. 1994). For the reasons stated in <u>French</u>, we conclude that Covington's contention that his constitutional rights were violated is without merit.

Accordingly, the District Court's August 10, 2018 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 8, 2019.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3